### DROMGOOLE v. KARNES COUNTY.
### (No. 5726.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 8, 1916. Rehearing Denied Dec. 6, 1916.)

1. COUNTIES ⊂⊃222 — OFFICERS — ACTION FOR COMPENSATION—STATUTE.

Under Rev. St. 1911, art. 1366, providing that a county shall not be sued unless the claim upon which suit is founded shall have first been presented to the county commissioners' court and such court has neglected or refused to audit the same, or any part, a petition, stating that plaintiff had presented to the commissioners' court a claim in writing for a sum stated, being the amount of balance due him for amounts received and disbursed during said years, as alleged, for an allowance by the court of said amounts, with the request that the court pay plaintiff said sum so due, which statement followed the itemized claim in the petition, although the claim presented to the commissioners was larger than the amount due shown by the sum of items stated, sufficiently shows that the identical claim sued for was presented to the commissioners' court for allowance, on general demurrer to the petition.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 355–359; Dec. Dig. ⊂⊃222.]

2. COUNTIES ⊂⊃222—ACTIONS—PETITION—AD DAMNUM CLAUSE.

As the ad damnum clause of a petition is merely an effort to state the entire amount plaintiff contends is due on his claim, or will be due when suit is tried, such clauses are disregarded in determining the amount in controversy, when other portions of the petition show no such damages could have been sustained, and should not be held to show a suit upon a different claim than the one presented in the petition.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 355–359; Dec. Dig. ⊂⊃222.]

Error from District Court, Karnes County; F. G. Chambliss, Judge.

Suit by R. H. Dromgoole against Karnes

County. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

M. B. Little, of Alto, and T. P. Morris, of Floresville, for plaintiff in error. Bell & Brown and J. O. Faith, all of Karnes City, and Lipscomb & Lipscomb, of San Antonio, for defendant in error.

MOURSUND, J. R. H. Dromgoole sued Karnes county, alleging that he was county treasurer of said county from November 16, 1910, to June 2, 1914; that during the months of November and December, 1910, there came into his hands as county treasurer $3,768.52, belonging to said county, and under the law he was entitled to 2½ per cent. of said amount for receiving said sum, or the sum of $94.21; that during the same time he paid out on warrants drawn by the commissioners' court $1,458.68, and was entitled to receive 2½ per cent. commission on said amount, or $36.46; that during the year 1911 there came into his hands as county treasurer $40,217.72, belonging to defendant county, and he was entitled to receive as commission for receiving same 2½ per cent. or the sum of $1,005.44; that during said year he paid out in warrants drawn on him by said county the sum of $49,283.88, and he was entitled to receive 2½ per cent. on said sum as commissions, or the sum of $1,232.09, or the sum of $2,000 for receiving and paying said sums during said year; that during the year 1912, there came into his hands as county treasurer $44,426.32, belonging to said county, and he was entitled to receive as commission for receiving same 2½ per cent. or the sum of $1,110.65; that during said year he paid out on warrants drawn on him by said county the sum of $41,416.77, and he was entitled to receive 2½ per cent. on said sum as commissions, or the sum of $1,035.41, "or $2,000 for receiving and paying out said sums during said year; that during the year 1913 there came into his hands as county treasurer $46,125.71, belonging to said county, and he was entitled to receive as commission for receiving same 2½ per cent., or the sum of $1,153.14; that during said year he paid out on warrants drawn on him by said county the sum of $53,553.88, and he was entitled to receive 2½ per cent. on said sum as commissions, "or the sum of $1,338.84, or the sum of $2,000 for receiving and paying said sums for said year"; that during the year 1914, and up to and including the 2d day of June, 1914, he received as county treasurer $36,075.97, belonging to said county, and he was entitled to receive as commission for receiving same 2½ per cent., or the sum of $901.89; that during the year 1914, and up to and including the 2d day of June, 1914, he paid out on warrants drawn on him by said county the sum of $27,253.62, and he was entitled to receive 2½ per cent. on said sum as commission, or the sum of

$681.33. Plaintiff's petition then contains the following allegations:

"Plaintiff represents unto your honorable court that he did not, during the year A. D. 1910, retain any commission on the amount received, or the amount paid out, nor for the years A. D. 1911, 1912, or 1913, nor for the year A. D. 1914, until after the 2d day of June of said year, but that said commissions due plaintiff for receiving and disbursing said sums remained in the treasury of said defendant county, and was used by said defendant county in paying its obligations, and was converted to the use of said defendant county by the commissioners' court of said defendant county, and was paid out on orders drawn on said plaintiff as county treasurer by said commissioners' court, or said court's order.

"Plaintiff represents that there was a balance due him, as commissions as above alleged in paragraphs Nos. 1, 2, 3, 4, 5, and 6 of this petition, the sum of $5,165.89, that defendant converted said sum to the use and benefit of said defendant county by its said commissioners' court, and that same belonged to plaintiff, and by reason of said defendant's converting of said money belonging to plaintiff, defendant county became liable to pay plaintiff the said sum due plaintiff, and promised to pay to plaintiff said sums, but, often requested by plaintiff to pay same, has refused, and still refuses, to pay to plaintiff said sums of money so due, to plaintiff's damage in the sum of $5,852.

"Plaintiff alleges that he received from said defendant county the sum of $60 per month during each and every month from the time he qualified and began to discharge the duties of said office as county treasurer up to the 2d day of June, that said sum was paid as a salary by the warrant of said commissioners' court acting for said defendant county, and that the amount so received by plaintiff from said county, since his qualification as county treasurer since the said 16th day of November, A. D. 1910, up to and including the 2d day of June, A. D. 1914, amounted to $2,548, which deducted from the said sum of $7,713.89, the amount of commission due plaintiff by defendant county since his election and qualification up to and including the 2d day of June, leaves the sum of $5,165.89, due plaintiff by said county.

"Plaintiff represents to the court that the commissioners' court of said defendant county failed to fix by an order of said court the rate of commission due plaintiff for receiving the money coming into his hands as county treasurer, and that said commissioners' court failed to fix by an order of said court the rate of commission for disbursing the funds of defendant county on the warrants of said defendant county, and that said commissioners' court failed to make any order limiting the commissions of county treasurer until the 2d day of June, A. D. 1914, and that under and by virtue of article 3875 of Revised Statute of 1911, plaintiff was entitled to receive 2½ per cent. on the amount received by him as county treasurer and a like sum of 2½ per cent. on the amount paid out by him for defendant county.

"Plaintiff represents to the court that on the 11th day of August, A. D. 1914, he presented to the commissioners' court of defendant county a claim in writing for the sum of $5,452, the same being the amount of balance due him for commissions on the amount received and amounts disbursed for said county during said years as alleged for an allowance by said court of said amounts, with request that said court pay to plaintiff said sums so due, but that said commissioners' court refused to allow plaintiff's account or claim, in whole or in part, but rejected said account or claim, and refused to pay same or any part thereof, to plaintiff's damage in the sum of $5,852.

"Wherefore, premises considered, defendant

having been cited to answer herein, plaintiff prays the court that on final trial hereof he have judgment against defendant Karnes county for the sum of $5,852, for costs of suit and for such general and special relief as plaintiff is entitled to in law or equity."

[1] A general demurrer was sustained to said petition, on the theory that it failed to affirmatively allege that the identical claim sued for had been presented to the commissioners' court for allowance before bringing suit. Article 1366 (R. S. 1911) reads:

"No county shall be sued unless the claim upon which such suit is founded shall have first been presented to the county commissioners' court for allowance, and such court shall have neglected or refused to audit and allow the same, or any part thereof."

Plaintiff alleged that he presented to the commissioners' court a claim in writing for the sum of $5,452, the same being the amount of balance due him for commissions on the amounts received and disbursed for said county, "during said years as alleged for an allowance by said court of said amounts, with request that said court pay to plaintiff said sum so due." Giving this allegation the aid of every reasonable intendment, we construe it to mean that the claim stated the items set out in the petition, and showed on its face to be a claim for commissions for the years named in the petition, but that the aggregate amount due was stated to be $5,452. He says he presented his claim for an allowance of said amounts which shows that his claim consisted of items, and by reference to the words preceding such statement, it appears that the amounts must be for commissions on the amounts received and disbursed for said county during said years as alleged. There is no comma after the word "alleged," but it is clear that the words, "as alleged," were intended to describe the years for which commissions were claimed in the written account as the same years named in the petition. We do not think the fact that the balance claimed was stated at a larger sum than was due would render a petition, which seeks to recover the correct amount, subject to demurrer. The purpose of the statute is to insure that the commissioners' court shall have an opportunity to pass upon and pay a claim without being burdened with costs of suit. Such an opportunity was afforded in this case according to plaintiff's petition. The statute contemplates that when a claim is presented the commissioners' court shall audit it and allow the true amount. The court having failed to audit, the claimant would not be precluded from recovering the amount actually due because an audit would have disclosed that too large an amount was asked for.

[2] But it is argued that in one portion of the petition plaintiff seeks to recover $5,852, and that there is no allegation that a claim for said amount was ever presented to the commissioners' court. Such amount is mentioned only in the ad damnum clause and the prayer and it naturally follows that the statement thereof was merely an effort to state the total amount plaintiff contended was due on his claim, or would be due by the time the suit was tried. Such clauses are disregarded in determining the amount in controversy when other portions of the petition show no such damages could have been sustained, and the use thereof in a case of this kind should not be held to show a suit upon a different claim than the one described in the petition and presented to the commissioners' court.

We conclude the petition is not subject to general demurrer.

The judgment is reversed, and the cause remanded.